IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIMOTHY RAY BURTON**　　　　　　　　　　　　　　　　　　　　　**PETITIONER**
**ADC #154389**

**V.**　　　　　　　　　**NO. 4:24-cv-00741-BRW-ERE**

**DEXTER PAYNE Director,**
**Arkansas Division of Correction**　　　　　　　　　　　　　　　　　　　**RESPONDENT**

## ORDER

On August 26, 2024, Arkansas Division of Correction inmate Timothy Ray Burton filed a petition for habeas corpus (*Doc. 1*) and addendum (*Doc. 4*) pursuant to 28 U.S.C. § 2254. On December 12, 2024, Respondent filed a response asserting as a single ground for dismissal that Mr. Burton's petition is time barred.[1] *Doc. 10*. On January 29, 2025, Mr. Burton filed a reply, asserting that his petition "should not be time barred due to [an] unforeseen act (lost mail)." *Doc. 15 at 8*.

For reasons that follow, the Court declines, on the current record, to resolve the statute of limitations issue, and Respondent is directed to file a supplemental response or answer.

---

[1] Technically, because Respondent's initial response only addressed whether Mr. Burton's habeas petition is time-barred, it was not an answer and should have been filed as a motion to dismiss. The Court has discretion to: (1) allow the filing of a motion to dismiss in lieu of an answer; and (2) to require the filing of a complete answer. See Brian R. Means, Postconviction Remedies § 16:1 (August 2024 Update).

1

A.   **Statute of Limitations Issue**

My preliminary review of the statute of limitations issue indicates that the response is based on incomplete and inaccurate information. First, Respondent asserts that Mr. Burton had eighteen days to petition the Arkansas Supreme Court for review of the Arkansas Court of Appeals decision affirming his convictions, issued on May 10, 2023. However, Mr. Burton had ten calendar days *after* the end of the eighteen-day rehearing period in which to file a petition for review.[2]

Second, Respondent asserts that because Mr. Burton did not appeal the denial of postconviction relief, the AEDPA statute of limitations resumed when the trial court denied his Rule 37 motion on August 28, 2023. *Doc. 10 at 6*. However, pursuant to Eighth Circuit precedent, for AEDPA tolling purposes, Mr. Burton's Rule 37 petition remained "pending" the entire time during which he could have, but did not, file a timely notice of appeal from the denial of postconviction relief.[3]

---

[2] On March 14, 2019, the Arkansas Supreme Court issued a per curiam opinion announcing new procedures and deadlines for petitions for review, stating:
> The deadline for filing petitions for review will no longer be the same as the deadline for filing petitions for rehearing. Instead, upon the effective date of the amendments below, petitions for review must be filed within ten calendar days of the end of the rehearing period.

*In re Electronic Filing of Petitions for Rehearing and Petitions for* Review, 2019 Ark. 79 (per curiam) (March 14, 2019). For decisions issued by the Arkansas Court of Appeals on or after July 1, 2019, a petition for review by the Arkansas Supreme Court must be electronically filed within 10 calendar days after the end of the Court of Appeals rehearing period. Ark. Sup. Ct. R. 2-4(a) (effective July 1, 2019).

[3] In *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009), the Eighth Circuit reaffirmed its holding in *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002), that an application for postconviction

Third, contrary to the state court record, Respondent states that Mr. Burton "did not appeal the trial court order." *Doc 10. at 3*. Respondent fails to report that Mr. Burton attempted to appeal from the denial of postconviction relief and asserted a reason for filing an untimely notice of appeal. These facts, which are readily apparent from the state record,[4] raise the issue of equitable tolling, which Respondent fails to address.

---

relief remains "pending" for AEDPA tolling purposes during the time for appeal, even if the petitioner does not appeal. Three years earlier, in *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that the AEDPA statute of limitations was not tolled for three years between the denial of postconviction relief by the California Court of Appeals and the petitioner seeking relief in the California Supreme Court. However, *Evans* involved California's unique postconviction review scheme, which required that the petitioner: (1) file separate, original petitions for postconviction relief at each state court level; and (2) file each petition within a "reasonable" time after the lower court's adverse decision. *Evans* did not involve the present circumstances, where the petitioner did not appeal the denial of postconviction relief during a definite, statutorily prescribed period. In any event, it is assumed that the Eighth Circuit considered *Evans* in deciding *Streu*, and this Court is duty bound to follow precedential decisions of the Eighth Circuit.

[4] Online review of the state court record reveals the following information, *which should have been included in the response*:

- On April 26, 2024, Mr. Burton filed notice of appeal from the denial of postconviction relief. Handwriting on the form states: "The Appellant never received any order nor notice of the denial until 4-17-2024."

- By letter dated July 22, 2024, the Arkansas Supreme Court, Office of the Criminal Coordinator, advised Mr. Burton as follows: "The Clerk of the Arkansas Court of Appeals has declined to lodge the record on appeal because you did not file the notice of appeal with the circuit clerk within thirty days of the date the order was entered as required by the rules of procedure. The notice of appeal was due to be filed . . . no later than September 27, 2023.

See *Arkansas v. Burton*, No. 63CR-21-817 (Saline Cty. Cir. Ct), accessible at https://caseinfo.arcourts.gov/cconnect/PROD/public.

In addition, because Respondent's sole argument for dismissal presents a close question, with a possible one-day margin of error, the Court may wish to consider alternative grounds for resolving Mr. Burton's habeas petition. See *Day v. McDonough*, 547 U.S. 198, 199 (2006) (noting that a statute of limitations defense is not jurisdictional and "a district court has discretion to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition"); *Trussell v. Bowersox*, 447 F.3d 588, 590–91 (8th Cir. 2006) (because neither the statute of limitations nor procedural default presents a jurisdictional bar to federal habeas review, both issues can be bypassed "in the interest of judicial economy").

## II. Supplemental Response (or Answer)

Respondent is directed to file a supplemental response, or answer, that addresses all the allegations in Mr. Burton's habeas petition.[5] Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that the respondent is not required to answer the petition unless ordered by a judge. But when, as here, an answer is ordered, Rule 5(b) dictates: "The answer must address the allegations in the petition." In addition, Rule 5(b) requires that the answer "state whether any claim in the petition is barred by a failure to exhaust state remedies, a

---

[5] Respondent may provide additional argument in support of its statute of limitations defense or rely on other grounds for dismissal, including those addressing the merits of the petition.

procedural bar, non-retroactivity, or a statute of limitations." "Rule 5(b) thus clearly differentiates between the merits of a habeas petition and any potentially applicable procedural defenses, and mandates that a state *must* address both in its answer." *Fontenot v. Crow*, 4 F.4th 982, 1058 (10th Cir. 2021).

IT IS THEREFORE ORDERED that Respondent file a supplemental response within fourteen (14) days of this Order in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED 12 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE